RAMOS *v*. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan.

No. 46.—Decided February 1, 1910.

PROCEEDINGS TO OBTAIN DECLARATION OF OWNERSHIP—REQUIREMENTS NECESSARY IN ORDER THAT JUDGMENT MAY BE SUBJECT TO RECORD.—A judgment rendered in proceedings to obtain a declaration of ownership which contains all of the essential requisites demanded by the Mortgage Law for the admission of documents to record in the registry of property, is subject to record.

ID.—In accordance with the foregoing, a judgment rendered in proceedings to secure a declaration of ownership should not be denied admission to record on the ground that petitioner, being married, it does not appear that he acquired the property during marriage or before marriage, and in the former case, because it fails to state the name of the wife, inasmuch as the said judgment fulfils all the requirements necessary for its admission to record.

The facts are stated in the opinion.

*Mr. Luis Freyre Barbosa* for appellant.

MR. JUSTICE MACLEARY delivered the opinion of the court.

A certain judgment, concerning ownership, having been presented in the Registry of Property of San Juan, in order to be recorded in the same, the registrar wrote at the end of said judgment the following note, from which an appeal has been taken to this Supreme Court:

"The inscription of the foregoing document is not allowed, because the petitioner, Domingo Ramos, is married and it does not appear whether he acquired the property during marriage, or during his bachelor life, and, in the former case, the name of his wife has not been stated; and a cautionary notice for four months has been entered in favor of said petitioner on folio 130 of volume 24 of Río Piedras, property 1268, notice letter A, in which notice also the amendable defect has been set forth that it has not been stated in the foregoing title whether the decision is final. San Juan Bautista de Puerto Rico, December 11, 1909. The Registrar, Francisco Soto Grás."

The judgment relating to ownership, the inscription of which was refused, reads as follows:

"In the District Court for the Judicial District of San Juan, P. R. No. 2304. Ownership. Ex parte, Domingo Ramos, petitioner.

"On October 14, 1908, and in open court, there took place the hearing of the motion made by Domingo Ramos, who is married, of age, and a resident of Río Piedras, requesting that the ownership of the following property be declared in his favor:

"A landed property, situate in the ward of Monacillo, jurisdiction of Río Piedras, consisting of 44 *cuerdas,* more or less, and being bounded on the north by the property of the San Juan Fruit & Land Co., which is represented by Mr. Frank Beardsley, by the property of Eduviges de los Santos and the ravine called 'La Laja'; on the south by lands belonging to Paula Cruz Arroyo and Buenaventura Andino; on the east by lands of Pedro Meléndez, Buenaventura Andino, Mr. John Wilson and the ravine 'Doña Ana'; and on the west by lands belonging to Paula Cruz Arroyo, and the ravine 'La Laja.'

''And it appears from the evidence heard by the court, that the party who has filed said motion has acquired the above-described property in the following manner:

''Fifteen *cuerdas* by purchase from Cristina Ayala, in the year 1870; 14 *cuerdas* by purchase from the sisters, Juana, Guadalupe and Benedicta Ayala, in 1874, which ladies had acquired said land by inheritance from their father; 2 *cuerdas* by purchase from Ignacio Landrau in the year 1900, said Landrau having acquired the same in 1874, by purchase from Valentín Ayala; 6 *cuerdas* by purchase from Eleuterio Landrau in the year 1888; 4 *cuerdas* by purchase from Loretto Geigel and Francisco Landrau in the year 1907, which gentlemen had acquired said land in 1903, by purchase from Pelegrín and Cándido Castro, who had acquired the same by inheritance from their mother, Juana Castro, in the year 1898, and Juana Castro had acquired said land by inheritance from Angel Ayala in 1874; 1 *cuerda* by purchase from Micaela Carrillo in 1907, which *cuerda* had been acquired by the aforesaid Micaela Carrillo by inheritance from her husband, Juan José Ramos, in the year 1905, and Ramos had acquired the same by purchase from Juana Castro in 1874; and 2 *cuerdas* by purchase from Valentín Castro and his sister, María Castro, in the year 1901; the parties selling said land having acquired the same in 1896, by inheritance from their mother, Juana Castro, who had acquired the land referred to, by purchase from Angel Ayala, in the year 1874.

''And, as it further appears from the same evidence, that the Treasurer has been duly summoned; that the owners of the adjacent lands, and the former owners of the property referred to, have been summoned in due form; that Juana Guadalupe and Benedicta Ayala, Ignacio Landrau and María Castro, who were formerly owners of the aforesaid lands, have been summoned by edicts, because the party who filed the motion above-mentioned stated that said persons had died, and that he did not know who were the heirs of the deceased; that a receipt has been presented, showing that the taxes imposed upon the property in question, have been paid, said property being appraised at $730; and, lastly, that edicts, announcing the petition referred to, were published at the proper time and in legal form, and that nobody has opposed the inscription requested.

''The court declares the ownership of the property which has been described, to have been proven in favor of the petitioner, Domingo Ramos, and orders that the corresponding certificate be issued to him, in order that he may be able to have said ownership recorded in the registry of property of this city.

"Given in open court, to-day, April 24, 1909. Emilio del Toro, Judge, Section One. I certify, A. Marín Marién, Clerk."

On examination of the foregoing judgment concerning ownership, one arrives at the conclusion that it contains all the essential circumstances which the Mortgage Law requires to be stated in the records made in the registries of property.

In fact, said judgment contains a statement of the nature, location and boundaries of the real property which is to be recorded, and also of its area, in accordance with the measure used in this country, only the statement of its equivalent according to the decimal metric system being lacking; the nature of the title and the date of the same, together with a statement not only of the proceedings prosecuted in order to obtain said title, which is the proceeding authorized by section 395 of the Mortgage Law, but also of the results of the evidence introduced before, and considered by the court, and the name and surname of the person in whose favor the record is to be made, which are the statements required by law; and besides the status, age and residence of said person, the names and surnames of the persons from whom said real property is directly derived, and the name and residence of the court by which said title was authorized.

(See sec. 9 of the Mortgage Law, and the provisions of the Regulations of said law, treating of the same matter, and examine Model VIII of the official edition of said Regulations.)

For these reasons, the note from which appeal has been taken must be reversed and the registrar be ordered to record the judgment relating to the ownership referred to.

*Reversed.*

Chief Justice Hernández and Justices Figueras and Wolf concurred.

Mr. Justice del Toro did not take part in the decision of this case.